IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| KVON MAHER,<br>　*Plaintiff,*<br><br>v.<br><br>LONE STAR HYDROSTATIC, LLC,<br>　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. 4:22-cv-21<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Kvon Maher and files this Original Complaint against Lone Star Hydrostatic, LLC ("Defendant" or "LSH").

### I.   NATURE OF THE CASE

1. This employment discrimination case is brought by Kvon Maher, a former employee of Lone Star Hydrostatic, LLC. Plaintiff brings claims of discrimination due to his race (African-American) and retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII").

### II.   PARTIES

2. Kvon Maher is an individual, who is a citizen of the State of Texas.

3. Defendant Lone Star Hydrostatic, LLC is a domestic for-profit company that may be served through its registered agent, Rob Hankins located at 3093 State Highway 59 N, Bowie, Texas 76230.

1

### III.   JURISDICTION AND VENUE

4.   The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331.

5.   Within 300 days of the last discriminatory act complained of, Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission ("EEOC") via Charge of Discrimination No. 460-2022-01744.

6.   Therefore, Plaintiff has exhausted any applicable administrative remedies and on or about April 30, 2022, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of his receipt of the Dismissal and Notice of Right to Sue letter.

7.   Thus, all conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

8.   Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because LSH has offices, conducts business, and can be found in this district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Western District of Texas.

### IV.   STATEMENT OF FACTS

9.   Plaintiff Kvon Maher, an African-American male, worked for LSH from September 2021 to November 2021.

10.   Immediately after starting his employment with LSH, Maher was subjected to offensive, racial, and derogatory comments by the crew lead. For example, Plaintiff was

told he looked like a "bum" due to his dreadlocks. Maher complained repeatedly to his supervisor about the racist remarks, but was told, "If you have a problem with someone, you need to handle it yourself and don't bother me with your childish problems." Any subsequent complaints by Plaintiff were ignored.

11. On or about October 25, 2021, Plaintiff was sitting in the backseat of a truck waiting for work to begin when the crew lead, Brandon (Caucasian male), while sitting directly in front of Plaintiff, intentionally and forcefully moved his seat to a reclining position so that Plaintiff could not move. Plaintiff asked the crew lead to put his seat up, but Brandon refused and said "You should be used to being in the back anyways." Plaintiff got out of the truck, but the crew lead followed and charged at Plaintiff. Plaintiff managed to defend himself against the attack but was immediately terminated.

12. Notably, Brandon was not terminated for his discriminatory, threatening, and violent behavior.

## V. CAUSES OF ACTION

A. COUNT NO. 1: RACIAL DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

13. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

14. As an African-American, Plaintiff is a member of a protected class under Title VII of the Civil Rights Act. Plaintiff suffered an adverse employment action, through consistent and pervasive harassment based on his race and termination of employment. Plaintiff was qualified for his position with LSH and had no negative performance evaluations. Despite this, due to his race, Plaintiff was treated differently from his coworkers and ultimately terminated due to this race.

B.   COUNT 2: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

15.   Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

16.   Plaintiff complained to LSH multiple times regarding the discrimination he suffered while working for the company. Not only did the company fail to address the issue, but ultimately terminated Plaintiff after Plaintiff was attacked by the very crew lead that made the offensive, racial, and derogatory comments for which Plaintiff complained. Meanwhile, Brandon was not terminated, even though he caused the racially-motivated attack upon Plaintiff.

C.   DAMAGES

17.   Due to the gender discrimination and retaliation Plaintiff suffered at the hands of LSH, Plaintiff has suffered actual damages. Specifically, since terminated, Plaintiff has been unable to find employment in the oil and gas industry, and continues to accrue damages as of the date of this Complaint. Defendant's actions demonstrate that during Plaintiff's employment, the company had a perverse culture of involving discrimination with malice or with reckless indifference to Plaintiff's protected rights and are in violation of Title VII of the Civil Rights Act.

18.   In addition, Plaintiff avers that Defendant's unlawful racial discrimination and retaliation justify an award of compensatory and punitive damages.

19.   Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination and retaliation. Such discrimination and retaliation was

committed with malice and reckless indifference to the rights of Plaintiff, who endured discrimination and retaliation, and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

20. Plaintiff has been denied opportunities to which he was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's discriminatory and retaliatory practices and they will continue unless and until this Court grants relief.

## VI. JURY REQUEST

21. Plaintiff requests a trial by jury.

## VII. PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a) For actual damages;

b) Back pay to compensate Plaintiff for loss of income and/or employment related benefits resulting from the discriminatory and retaliatory actions of Defendant;

c) Compensatory damages for severe mental anguish in the past and future, injury to his reputation, for adverse effects on his career, and for diminished

earning capacity resulting from the discriminatory and retaliatory actions of Defendant;

d) For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

e) An award of reasonable attorneys' fees and the cost and expenses related to the litigation of this claim;

f) Pre-judgment interest at the highest rate allowed by law;

g) Post-judgment interest at the highest rate allowed by law; and

h) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

/s/*Bridget Davidson*
Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-58301107

ATTORNEY FOR PLAINTIFF